In the Matter of MAUREEN FLEMING et al., Appellants, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [887 NYS2d 206]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York City Department of Environmental Protection dated April 30, 2007, which approved an application for a project known as Kent Manor, the petitioners Maureen Fleming, Jean Riccobon, Mario Riccobon, Carl Steike, Ava Laerd, and Hill & Dale Property Owners, Inc., and the petitioner Riverkeeper, Inc., separately appeal from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 18, 2008, and (2) a judgment of the same court dated April 3, 2008, which, upon the order, confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the appeals from the order are dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellants appearing separately and filing separate briefs.

This case involves the environmental review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) for a proposed 273-unit residential development known as Kent Manor in the Town of Kent (hereinafter the project). RFB, LLC, is the primary financer and proponent of the project. The land on which the project is proposed to be constructed is owned by Kent Acres Development Company, Ltd. The project began in the 1980s with a plan for a 318-unit development, to be served by a related waste water treatment plant (hereinafter WWTP). The lengthy history of the project, which included a prior SEQRA review, was described in a prior related appeal (*see Kent Acres Dev. Co., Ltd. v City of New York,* 41 AD3d 542 [2007]).

In January 2006 the New York City Department of Environmental Protection (hereinafter the DEP) declared itself the lead agency under SEQRA and issued a positive declaration, requiring the preparation of a supplemental environmental impact statement (hereinafter SEIS). The project was reduced in scope to 273 units and, in November 2006, the DEP granted conceptual approval for the project's participation in the New York State/New York City Phosphorus Offset Pilot Program (hereinafter the POPP), which authorized the construction of up to three new WWTPs in phosphorus-restricted basins that were within the New York City watershed and located in Putnam County, on the condition that the developers established offsite phosphorus offset measures that would remove three times the

amount of phosphorus that was being introduced into the basin (*see* 15 RCNY 18-82 [g]; 10 NYCRR 128-8.2 [g]). Thereafter, the draft SEIS was completed. After public hearings were conducted and comments received, the DEP accepted and approved the final SEIS and issued its SEQRA findings statement approving the project, finding that all of the requirements of SEQRA had been met and that the project minimized or avoided potential significant adverse environmental effects to the maximum extent practicable.

The petitioners thereafter commenced this proceeding to review the adequacy of the final SEIS, the SEQRA findings statement, and the DEP's approval for the project to participate in the POPP, contending, inter alia, that the DEP failed to take a hard look at the potential environmental impacts of the project, improperly approved the project for participation in the POPP, failed to provide sufficient time to review the final SEIS, and evaded public scrutiny and comment regarding potential impacts to Palmer Lake, which is downstream from the project site, by failing to discuss, in the draft SEIS, all potential impacts to the lake. The Supreme Court confirmed the DEP's determination, denied the petition, and dismissed the proceeding. The petitioners appeal. We affirm.

Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and "whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]). The agency determination should be annulled only if it is arbitrary and capricious or unsupported by the evidence (*see* CPLR 7803 [3]; *Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416).

The DEP's determination that the applicant fulfilled the requirements for participation in the POPP was lawful and not arbitrary and capricious (*see* 15 RCNY 18-82 [g] [2]; 10 NYCRR 128-8.2 [g] [2]). The DEP took a hard look at the relevant areas of environmental concern, including potential impacts to Palmer Lake, and made a reasoned elaboration of the basis for its determination that the project minimized or avoided potential significant adverse environmental effects to the maximum extent practicable (*see* ECL 8-0109 [8]; 6 NYCRR 617.11 [d]; *Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d

at 231-232). Further, the DEP complied with all procedural requirements of SEQRA. Specifically, the draft SEIS provided an "adequate basis for public consideration" of the project's anticipated impacts on Palmer Lake (*Coalition Against Lincoln W. v City of New York,* 60 NY2d 805, 807 [1983]). Furthermore, the DEP afforded a reasonable time for consideration of the final SEIS (*see* 6 NYCRR 617.11 [a]). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.